UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

United States of America      )
                              )
                              )
                              )
        v.                    )
                              )
                              )
Joseph T. Carroll, Sr.        )

Date of Sentencing January 14th 2022

## GROUNDS

1. Mr. Carroll expressly retained the right to file an ineffective assistance of counsel claim in violation of his Sixth Amendment right to the United States Constitution in his plea agreement with the government.

2. Mr. Carroll's counsel Mr. Bledsoe failed to explain to him the elements of the 924(c) offense that the government was required to prove beyond a reasonable doubt for conviction. As the United States Supreme Court ruled in BAiley and its progeny. See United States v. Garnett, 243 F. 3d 824; 2001 U.S. App. LEXIS 3838 No. 99-4818 (2001) In that for the government to prove a 924(c) conviction it must be proven beyond a reasonable doubt that the firearm in question must advance and or promote the drug trafficking crime such as providing security for drug transactions to take place. Or otherwise facilitate the drug tansactions. In this case Mr. Carroll was anot a felon at the time that he allegedly possessed this firearm. And this firearm was buried under a pile of clothes when recovered by law enforcement so it was not accessible to anyone or Mr. Carroll during any drug activity nor was this firearm visible to any customers. This firearm could not therefore intimidate or scare any potential customers by informing them that the defendant was armed because it was never visible being buried under this pile of clothes. Further there was no bullets inside the gun nor any bullets found anywhere in the house for gun. Additionally this firearm was a revolver so if anyone seen it they would clearly see inside the cylinders that they were empty and had no bullets inside it and that it could provide any security to drug transactions.

Furthermore, Mr. Carroll was in a severe car accident in 1995 where his wrist was severely broken and fused together and Mr. Carroll is still not able to handle, brandish or shoot a pistol/revolver since he has a " gimp " hand. Nor was Mr. Carroll a felon at the time and could legally possess a firearm. See letter of correspondence from Mr. Carroll's attorney Mr. Charles Bledsoe dated 12-10-2021 paragraphs 1 and 2. ( highlighted for ease of the courts reading ) see also letter of correspondence from Mr. Carroll's attorney dated 10-18-2021 where there was considerable discussion about the 924(c) " gun charge " which is in reference to the 924(c) charge but Mr. Carroll's attorney keeps referring to Mr. Carroll's concerns about the 924(c) " gun charge " by referencing count one of the indictment which is the underlying drug trafficking predicate charge to the 924(c) as if just because he has a drug trafficking charge he is automatically guilty of the 924(c) possession of a firearm in furtherance of a drug trafficking crime ipso facto which the United States Supreme Court in Bailey expressly ruled against these ipso facto automatic convictions. Further there is no evidence that Mr. Carroll is even able to use a firearm when looking at his " gimp " wrists which are also substatiated by his medical records all of which Mr. Carroll's attorney Mr. Bledsoe ignored and failed to inform him of the elements needed for conviction on this 924(c) possession of a firearm in furtherance of a drug trafficking crime. Which is ineffective assistance of counsel especially with his attorney ignoring and dismissing his concerns about the gun charge and deluding him by saying " your argument would be correct under state law but you are charged under the federal statute.

## COERCION/DURESS

3. Mr. Carroll's attorney failed to raise or investigate a duress defense based on coercion and threats from his co-defendant Mr. Desorcey who was armed with a 9mm and just release from prison for murder less than a year from this incident. Who also threatened Mr. Carroll's girlfriend at gun point and who also took over Mr. Carroll's house shortly after moving into a spare bedroom that Mr. Carroll rented to Mr. Desorcey during his finacial hardship and not knowing Mr. Desorcey's violent criminal history. Mr. Carroll rented this appurature of his home to Mr. Desorcey when Mr. Carroll was struggling with a severe substance abuse problem from untreated severe depression from the loss loss of Mr. Carroll's son.

---

See medical records pertaining to Mr. Carroll's fused wrist, bi-polar depression, mental health issues etc. etc.

## COERCION/DURESS CONTINUED

Mr. Carroll's co-defendant Mr. Desorcey took advantage of Mr. Carroll through his substance abuse addiction being his supplier and already having gained access to inside Mr. Carroll's home by moving in then turning violent and demanding Mr. Carroll to participate in conduct that was beyond the scope of mere sustance abuse by Mr. Carroll being mentally disabled and being " slow " he took advantage of this disabled man suffering from sever depression , poverty and substance abuse and after already moving into his home and his violent nature toward him and Mr. Carroll's girlfriend Mr. Carroll was forced to comply with Mr. Desorcy's demands such as sending or wiring money to Mexico for Mr. Desorcey for which the government charged Mr. Carroll with money laundering which is count 2 of his indictment . Additionally, Mr. Carroll was forced into Mr. Desorcey's drug conspiracy which is more than obvious considering Mr. Carroll's lack of criminal history , his limited mental capacity , history of severe mnetal illness and his drug addiction combined with his untreated severe depression and Mr. Desorcey's extremely violent criminal history including strong arm robbing other prisoners in prison which shows Mr. Desorcey is the most violent of the most violent .

## SPECIFIC INTENT CRIMES

Mr. Carroll is charged with specific intent crimes such as count 1 Conspiracy to Distribute and Possession with intent to distribute . 21 U.S.C. 846 (a)(1) and count 2 18 U.S.C. 1956(h) " Mr. Carroll and others knowingly and intentionally conspired to knowingly transmit and transfer monetary instruments and funds"... count 6 J. Carroll knowingly and intentionally possessed with intent to distribute...Had Mr. Carroll been properly counseled by his attorney as to the elements the government would have been required to prove including his intent Mr. Carroll would not have pled guilty as there was overwhelming evidence that Mr. Carroll did have the intent required to establish guilt with all the coercion from Mr. Desorcey especially with Mr. Carroll's drug use and history of mental illness and lack of mental capacity and low IQ and no previos criminal recordat age 46 years old and no criminal history in the previous 45 years of his life showing this behavior is obviously not in line with Mr. Carroll's history.

Mr. Carroll also received death threats from Mr. Desorcey and his girlfriend where Mr. Desorcey tried to force Mr. Carroll to "take the gun charge" via text messages to Mr. Carroll's phone.

---

See medical records for history of mental illness and lack of mental capacity .
Mr. Carroll was arrested after Mr. Desorcey that is how he was able to receive death threats via text message on his phone from Mr. Desorcey's workers.

3

## SPECIFIC INTENT CRIMES WHILE UNDER COERCION CONTINUED

Mr. Carroll's attorney had copies of the text messages containg the threats from Mr. Desrocey and his girlfriend where they were trying to force Mr. Carroll into taking the gun charge by text messages to Mr. Carroll's phone because Mr. Desorcey was arrested first and Mr. Carroll was still out on the street receiving these threats to his phone. Mr. Carroll's attorney had copies of these threatening text messages which were also given to the U.S. Marshals to have Mr. Carroll moved to a different jail because Mr. Desorcey continued threatening him while they were in jail together. Mr. Desorcey was trying to make Mr. Carroll " take the gun charge " which was in reference to the gun that was found in Mr. Desorcey's rented room which Mr. Carroll could not have taken that charge or otherwise got the government to dismiss it by Mr. Carroll saying that the gun was his because it was a totally separate gun found next to a very large amount of drugs in Mr. Desorcey's rented room so that shows the coercion even when there was no logic for but yet Mr. Desorcey was still threatening him. The threats were so bad that the marshals had to move Mr. Carroll to another jail so that the two were not housed together for Mr. Carroll's safety . This is also noted in Mr. Carroll's sentencing memorandum . Which Mr. Carroll's attorney had plenty of evidence to indicate that Mr. Carroll was under severe coercion/duress from the drug conspiritor himself but the attorney did not explain that defense to Mr. Carroll for if he had Mr. Carroll would not have pled guilty especially against specific intent crimes .

## PLEA WAS NOT ENTERED INTO KNOWINGLY AND VOLUNTARILY

### KNOWINGLY

This plea was not entered into by Mr. Carroll knowingly. Mr. Carroll has no experience with the legal system as he has virtually no criminal record and his attorney had no time for him and did not counsel him properly as to all the elements of the offense and what the government was required to prove beyond a reasonable doubt for conviction of specific intent crimes . His attorney did not even send for Mr. Carroll's mental health records which would have showed his history of mental illness and lack of intelligence .

4

## VOLUNTARILY

### Mr. Carroll did enter into this plea voluntarily.

See letters of correspondence from Mr. Carroll's attorney Mr. Charles L. Bledsoe dated 8-15-2021 where Mr. Carroll's attorney is giving him a lack of counsel in that he never has time for him, does not adequately discuss with him possible defenses such as coercion/duress, will not listen to him regarding his mental health. And convinces him not to go to trial based on unsound legal advice and without even looking at all the facts and further explains to Mr. Carroll tha his analysis of the " gun charge " (924(c)) is completely wrong without explaining to him what the government has to prove to establish a 924(c) conviction.
See letter of correspondence to Mr. Carroll from his counsel Mr. Charles L. Bledsoe dated October 11 2022 where Mr. Carroll's counsel gives him more false information saying " Thirdly, you entered a plea agreement whereby the government dismissed a number of charges and limited your appeal rights ". The government did not dismiss any charges against Mr. Carroll per the plea agreement that is a false statement by his attorney which is consistent with other inadequate and false legal advice and abusive condescending language from Mr. Bledsoe to Mr. Carroll which led to the involuntary, unknowing plea in this case such as statements like please review your plea agreement before you dig yourself into a deeper hole which is a threat to Mr. Carroll tha him taking an appeal or any review of his case would put him in a worser situationthan what he is already in and is coercion from and officer of the court to a man that has a low IQ, limited mentla capacity,can barely read and write and has a history of mental ilness .

See letter of correspondence from counsel dated Oct. 11th 2022 where Mr. Carroll's counsel Mr. Bledsoe stated that he received a copy of his letter filed with the court on Oct. 6th 2022. "Contrary to your assurances, this was the first letter received from you since sentencing". This statement by his attorney is also false Mr. Carroll sent several letters to Mr. Bledsoe at his office but he did not respond until Mr. Carroll sent a letter to the court which Mr. Bledsoe then could not deny that he sent him correspondence therefore Mr. Bledsoe responded with the harsh language threatening Mr. Carroll that he would dig himself into a deeper hole and that Mr. Carroll was supposed to notify the court within 14 days from sentencing if he wanted to appeal but at that time Mr. Bledsoe was representing Mr. Carroll and it would have been improper for Mr. Carroll to contact the court while being represented by cousel.

5

## COUNSEL FAILED TO FILE NOTICE OF APPEAL

Mr. Carroll's counsel did not even ask him if he wanted him him to file a notice of an appeal and was always rude and nasty toward Mr. Carroll and never had time for him and would always say in his letters that he was coming to see him but he never would come see him like he said in his letters.

## RULE 11 VIOLATION

Federal Rule of Criminal Procedure 11(b)(3) mandates that a court may not enter judgement on a guilty plea until it has made an independent determination " that there is a factual basis for the plea ". At Mr. Carroll's guilty plea hearing the court did not elicit any facts from Mr. Carroll regarding his actions that constitute guilt under section 924(c) or the gun found in Mr. Carroll's bedroom was involved in the drug trafficking crime to which there was no evidence to support the gun was not visable to customers to create in their minds that drugs were secure , the gun was not accessible being buried under a pile of clothes and there was no bullets in the gun anywhere in the house or in the gun and Mr. Carroll was not afelon and could legally possess a firearm .

Mr. Carroll barely has a criminal record and is not familiar with the justice system and is a layman can barely read and write with substandard intellect and low IQ and he couldnt understand the essential elements of an offense ( although he questioned the 924c charge many times )with an attorney who did not provide " effective assistance " and a court not strictly following Rule 11 a man with substandard intelligence is convicticted of a serious crime with a severe mandatory minimum that he is actually , factually and legally innocent of. This ignorant layman doesn't receive assistance of counsel nor protection from the court which prejudiced the defendant's substantive rights and seriously affected the fairness, integrity and public reputation of the Judicial process.

---

See letters of correspondence from Mr. Carroll's attorney
Mr. Charles L. Bledsoe

6

## SENTENCE CONTRARY TO 3553(a) FACTORS

Mr. Carroll recieved no benefit to pleading guilty. With all the exculpatory evidence on his side and all the mitigating 3553(a) factors Mr. Carroll received no benefit for pleading guilty and was sentenced contrary to the 3553(a) factors . Plea agreements are by design intended to save on Judicial resources hence the term plea bargain but the government did not dismiss any charges in relation to his guilty plea contrary to what his attorney tried to tell him in the enclosed letter of correspondence . Nor did the government take it easy on him in any way for accepting responsibility especially with him being sentenced far above his guidelines any 3 level downward reduction was meaningless because his guideline was arbitrarily inflated by a wreckless and arbitrary calculation of his guidelines where the PSI report attributes all his co-defendant's drug weight to Mr. Carroll.

Additionally , the court sentenced Mr. Carroll contrary to the sentencing criteria in U.S.C. 3553 in that the court did not adequately take into account all the mitigating factors . A man of this age with no previous criminal record and under this much coercion and lack of intelligence,history of mental illness, his life spiraling out of control since the lossof his son and untreated severe depression and an treated substance abuse and limited role in the offense and under coercion should not have been sentenced to 25 years at age 45 that is a life sentence at his age in his current health conditions .

7

Case 5:23-hc-02004-BO-RJ   Document 1-1   Filed 01/05/23   Page 7 of 8

## Certification and Personal Oath

I hereby certify that all answers to the above questions and all statement contained herein are true and correct to the best of my knowledge, information, and belief. I understand that any intentional misstatements of material facts contained in this application form may cause adverse action on my petition for executive clemency and may subject me to criminal prosecution.

Respectfully submitted this __22__ day of __12__ (month), __2022__ (year)

_____
Signature of Petitioner